IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, #272473,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Tara S. Taggart; Amanda Boswell Gowans;<br>L. Holmes; Helen Davis; John B. McRee;<br>Linda K. Shirley; Lieutenant NFN Thompson;<br>and N. C. Merchant,<br><br>　　　　Defendants. | C/A No. 0:09-566-RBH-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　The plaintiff, Trovon Aquarius Keith ("Keith"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 concerning several alleged incidents that occurred while he was housed at McCormick Correctional Institution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Keith's motion for a preliminary injunction (Docket Entry 29) and motion for a mental evaluation (Docket Entry 38); Defendant Gowans's motion for summary judgment (Docket Entry 77); and a motion for summary judgment filed by Defendants Taggart, Holmes, Davis, McRee, Shirley, Thompson, and Merchant (Docket Entry 108).[1]

　　　　On July 24, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Keith of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant Gowans's motion for summary judgment. (Docket

---

[1] By Order filed contemporaneously with this Report and Recommendation, the court granted Keith's motion to voluntarily dismiss Defendants Thompson and Shirley.



Entry 79.) On July 29, 2009, Keith filed two responses in opposition to the defendant's motion. (Docket Entries 85 & 86.) On August 6, 2009, Defendant Gowans supplemented her motion for summary judgment. (Docket Entry 90.)

After the remaining defendants filed a separate motion for summary judgment (Docket Entry 108), Keith was again advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to that motion. (Docket Entry 109.) Keith filed a response in opposition to the defendants' motion. (Docket Entry 111.) The defendants filed a reply (Docket Entry 112) and Keith filed a sur-reply (Docket Entry 114).

These motions are now before the court for a Report and Recommendation.

## DISCUSSION

**I.      Preliminary Injunction**

On May 26, 2009, Keith filed a motion seeking restraining orders against Defendants Thompson, Holmes, and Shirley speculating that these individuals may retaliate against him as a result of him filing this action. (Docket Entry 29.) Keith further requested that he be transferred to another institution. At the time Keith filed this motion he was housed at McCormick Correctional Institution; however, he has since notified the court that he has been transferred to Lee Correctional Institution. Accordingly, even if Keith could establish the required elements to obtain an injunction, these requests for injunctive relief are moot and the court recommends denying this motion. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

PJG

## II.     Mental Evaluation

Keith has filed a motion requesting a mental evaluation of himself. (Docket Entry 38.) In his Complaint, Keith alleges that the defendants have caused him to experience mental problems and mental distress. Keith seeks an evaluation to show what type of mental problems he is having and receive a diagnosis, to demonstrate that he is not receiving proper mental health treatment, and to determine whether he is competent to stand trial. In response to this motion, the defendants present several arguments. The defendants assert that even though under Rule 35 of the Federal Rules of Civil Procedure a mental examination of a party is permissible, Keith does not meet the requirements of the Rule. Specifically, Rule 35 does not contemplate the plaintiff seeking an mental examination of himself. Further, the defendants argue that Keith's mental condition is not in controversy and that Keith cannot demonstrate good cause for the evaluation. See Fed. R. Civ. P. 35; Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).

Moreover, Keith does not identify the source of any funds to pay for this evaluation. To the extent he requests that it be performed at public expense, such a request must be denied. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). For all of the foregoing reasons, this motion should be denied. (Docket Entry 38.)

PJG

**III.    Summary Judgment Motions**

In his Amended Complaint Keith raises numerous allegations, many of which are unrelated to each other.  First, Keith contends that Defendant Gowans, a psychiatrist, breached her duty to Keith and violated the policy of the South Carolina Department of Corrections ("SCDC") by informing Lieutenant Thompson that Keith expressed a desire to kill him.  Keith also alleges that Defendant Taggart, while acting as Keith's appellate counsel during his criminal appeal, failed to discover that an incomplete transcript of Plaintiff's criminal trial was submitted to the Court of Appeals and that this failure affected the outcome of his appeal.  Further, Keith claims that Defendants Davis and Merchant opened his mail from the South Carolina Department of Motor Vehicles outside of his presence in violation of SCDC policy.  Keith alleges that Defendant Holmes, while acting as the grievance coordinator, failed to process his grievance concerning a disciplinary charge.  Finally, Keith asserts that Defendant McRee was deliberately indifferent to his medical needs in denying him proper medical treatment.  The defendants have moved for summary judgment on all of these claims.

    **A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendant Gowans**

At the time relevant to the allegations in Keith's Complaint, Defendant Gowans provided psychiatric services to SCDC inmates at McCormick Correctional Institution. On December 29, 2008, during Keith's mental health evaluation with Defendant Gowans, Keith expressed a desire to kill Lieutenant Thompson. After the visit, Dr. Gowans informed Lieutenant Thompson of Keith's threat. Keith also alleges that Defendant Gowans noted the threat in SCDC's computer records.

PJG

Keith contends that these actions violated SCDC policy requiring mental health issues to be kept confidential.

Even assuming that Defendant Gowans has violated SCDC policies in disclosing information that Keith contends is privileged, violations of prison policies generally do not rise to the level of a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (rejecting the argument that violations of prison policies rise to the level of a constitutional violation under § 1983). Moreover, by federal statute, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The sole injury alleged by Keith is mental and emotional injury; therefore, to the extent Keith is asserting a claim under § 1983, Defendant Gowans is entitled to summary judgment.

To the extent that Keith's claims against Defendant Gowans are construed as alleging a state tort claim, such as negligence or defamation, his claims must fail. The State of South Carolina has adopted the common law "duty to warn." See Bishop v. South Carolina Dep't of Mental Health, 502 S.E.2d 78 (S.C. 1998); Rogers v. South Carolina Dep't of Parole & Community Corr., 464 S.E.2d 330 (S.C. 1995); Gilmer v. Martin, 473 S.E.2d 812 (S.C. Ct. App. 1996). A duty to warn is triggered when an individual has made a specific threat of harm directed at a specific individual. This duty has been applied to a person or entity treating a mentally afflicted patient. Bishop, 502 S.E.2d 78. Based on the undisputed facts in this case, Keith expressed a specific threat of harm against Lieutenant Thompson to Defendant Gowans during an examination. Therefore, Defendant Gowans had a duty to warn Lieutenant Thompson and cannot be held liable for disclosing Keith's threat.

PJG

As part of Keith's response in opposition to summary judgment, Keith appears to argue that the duty to warn does not apply because Defendant Gowans was not licensed to provide psychiatric services. In reply, Defendant Gowans supplemented her motion for summary judgment, which included an affidavit of Defendant Gowans. (Docket Entries 90 & 90-1.) In the affidavit, Defendant Gowans summarizes her educational background and attests that he has held a license to practice psychiatry in the State of South Carolina since November 11, 2004. (Docket Entry 90-1.) Moreover, even if Keith's assertion were correct and Defendant Gowans were not licensed, the duty to warn would still arise. See Rogers, 464 S.E.2d at 332 (stating that where a defendant has the ability to monitor, supervise, and control an inmate's conduct, a special relationship exists between the defendant and the inmate, and the defendant may have a common law duty to warn potential victims of the inmate's dangerous conduct); Bishop, 502 S.E.2d at 82 (observing that "all that is required is [the person owing the duty] be aware or should have been aware of the specific threat made by [the individual] to harm a specific person"). Accordingly, Defendant Gowans is entitled to summary judgment.

### C. Defendant Taggart

The Complaint fails to state a claim upon which relief may be granted as to Defendant Taggart. Keith claims that Defendant Taggart, as his court-appointed appellate attorney, submitted an incomplete transcript of his criminal trial to the South Carolina Court of Appeals. The transcript did not include a competency hearing and pre-trial motions that occurred the day prior to the trial. Keith contends that Taggart should have discovered these omissions, and that if she had, the outcome of his appeal would have been different.

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. Keith fails to assert a claim under § 1983 because the attorney has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Accordingly, Defendant Taggart's motion for summary judgment should be granted.

**D.  Defendants Davis and Merchant**

Keith claims that Defendants Davis and Merchant opened his mail from the South Carolina Department of Motor Vehicles outside of his presence in violation of SCDC policy. The defendants concede that SCDC policy requires all mail from a state office to be opened in the presence of the inmate and listed on the SCDC Legal/Privileged/Certified Mail Delivery Log. The defendants dispute that this alleged violation occurred, but argue that if it did, Keith has failed to demonstrate or even allege any injury. The court agrees. Further, while inspecting a prisoner's *legal* mail may implicate an inmate's constitutional rights, the mere opening of an inmate's incoming personal mail in his absence does not independently state a constitutional claim. See Altizer v. Deeds, 191 F.3d 540 (4th Cir. 1999); Stover v. Powers, C/A No. 8:07-2998-RBH, 2008 WL 2690234 (D.S.C. June 30, 2008) (unpublished). Moreover, as stated above, violations of prison policies standing alone do not rise to the level of a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978);



see also Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (rejecting the argument that violations of prison policies rise to the level of a constitutional violation under § 1983). Accordingly, Defendants Davis and Merchant are entitled to summary judgment.

**E.    Defendant Holmes**

Keith alleges that Defendant Holmes, while acting as the grievance coordinator for McCormick Correctional Institution, failed to process his grievance concerning a disciplinary charge. It is well settled that inmates and detainees have no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). Therefore, this claim fails to rise to the level of a constitutional violation and Defendant Holmes is entitled to summary judgment.

**F.    Defendant McRee**

Finally, Keith asserts that Defendant McRee, a physician at McCormick Correctional Institution, was deliberately indifferent to his medical needs in denying him proper medical treatment. Keith alleges that on October 14, 2008, he requested to be referred to an orthopedist or dermatologist and be provided with a special soap for treatment of his skin problems and Defendant McRee failed to comply with these requests.

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); Washington v. La Porte County Sheriff's Dep't, 306 F.3d 515 (7th Cir. 2002) (same). The

*PJG*

government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. See Estelle, 429 U.S. 97.

It is undisputed that on October 14, 2008, Keith reported to "sick call" requesting nasal spray, green soap, and a referral for both a dermatologist and an orthopedist. Linda Shirley, a Registered Nurse, examined Keith and noted that Keith was in no acute distress and ambulated without any problems. (McRee Aff. ¶¶ 4-6, Docket Entry 108-2 at 2; SCDC Medical Summary, Docket Entry108-2 at 5-6.) Further, Nurse Shirley indicated that Keith did not show a need for a referral or for the medicated soap. However, Keith was provided with Flonase, a nasal spray. (Id.) Defendant McRee attests that based on his medical training and experience no further treatment was needed or ordered. (McRee Aff. ¶ 6, Docket Entry 108-2.)

In response, Keith does not appear to dispute Defendant McRee's affidavit. Rather, it appears that Keith is arguing that Defendant McRee, as the physician, failed to examine him personally and improperly relied on the examination and notes from Nurse Shirley. These allegations are insufficient to state a claim for deliberate indifference. Keith's dissatisfaction with the treatment he received is insufficient, standing alone, to support an Eighth Amendment claim of deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim."). Viewed in the light most favorable to Keith, there is no evidence that his medical care was

grossly inadequate. See Miltier, 896 F.2d 848. Accordingly, there is no evidence to support this claim.

### G. Qualified Immunity

Additionally, based on the foregoing, Defendants Holmes, Davis, McRee, and Merchant would be entitled to qualified immunity as their conduct did not violate clearly established statutory or constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that Keith's motion for a preliminary injunction (Docket Entry 29) and motion for a mental evaluation (Docket Entry 38) be denied. Further, the court recommends that Defendant Gowans's motion for summary judgment (Docket Entry 77) and the motion for summary judgment filed by Defendants Taggart, Holmes, Davis, Mcree, Shirley, and Thompson (Docket Entry 108) be granted. In light of this recommendation, the court further recommends that Keith's motion to substitute be terminated. (Docket Entry 41.)

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).