IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Trovon Aquarius Keith, ) | Civil Action No.: 0:09-cv-00566-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Tara S. Taggart, Amanda Boswell Gowans, ) | |
| L. Holmes, Helen Davis, John B. McRee, ) | |
| and N.C. Merchant, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Trovon Aquarius Keith, a state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. The complaint concerns several alleged incidents that occurred while Plaintiff was incarcerated at McCormick Correctional Institution, in McCormick, South Carolina.

This matter is now before the court with the [Docket Entry 118] Report and Recommendation of United States Magistrate Judge Paige J. Gossett[1] filed on January 29, 2010. Plaintiff timely filed objections to the Report on February 8, 2010.[2] Also currently before the court are Plaintiff's [Docket Entry 29] Motion for Preliminary Injunction, Plaintiff's [Docket Entry 38] Motion for Mental Evaluation/Examination, Plaintiff's [Docket Entry 41] Motion to Substitute Party, Defendant Gowans' [Docket Entry 77] Motion for Summary Judgment, and the [Docket Entry 108] Motion for Summary Judgment filed by Defendants Davis, Holmes, McRee, Merchant, Shirley, Taggart, and Thompson. On January 29, 2010, the Magistrate Judge entered

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

an order dismissing Defendants Shirley and Thompson based on motions filed by Plaintiff to voluntarily dismiss them. In her Report, also filed on January 29, 2010, the Magistrate Judge recommended that the court should deny Plaintiff's motions for a preliminary injunction and mental evaluation, and that the court should grant both motions for summary judgment filed by Defendants. Further, based on the foregoing, she recommended that Plaintiff's motion to substitute a party should be terminated.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.   Preliminary Injunction and Mental Evaluation

In her Report, the Magistrate Judge recommended that the court should deny both Plaintiff's motion for a preliminary injunction and his motion for a mental evaluation.  Plaintiff failed to object to either of these recommendations in his objections.  Rather, Plaintiff only addressed the motions for summary judgment in his objections.  Accordingly, finding no clear error on the face of the record, the court adopts the Magistrate Judge's recommendation as to Plaintiff's two motions. *See Diamond*, 416 F.3d at 315.

II.   Summary Judgment as to Defendant Taggart

Defendant Taggart served as Plaintiff's court-appointed appellate attorney.  The Magistrate Judge recommended in her Report that summary judgment should be granted in favor of Taggart because Plaintiff "fail[ed] to assert a claim under § 1983 because the attorney ha[d] not acted under color of state law."  Report [Docket Entry 118] at 8. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (holding that lawyer was entitled to dismissal of the plaintiff's § 1983 action for want of state action).  Plaintiff fails to address this recommendation in his objections.  Rather, Plaintiff simply re-alleges his general grounds for relief as to his claim asserted against Taggart.[3]  Therefore, once again finding no clear error on

---

[3]   Plaintiff addresses Defendant Taggart in his objections as follows, verbatim:

> A review of my transcript will show that Defendant Taggart's mistake caused my appeal to be denied by Appeal Courts.  If Court of Appeals reviewed the missing part of transcript, the court would have taken under consideration my possible mental disorder. Court of Appeals did not know about this because defendant Taggart submitted an incomplete transcript to the court.

Obj. [Docket Entry 120] at 1.

the face of the record, this court adopts the Magistrate Judge's recommendation as to Defendant Taggart. *See Diamond*, 416 F.3d at 315.

Upon review of Plaintiff's complaint, it appears to the court that Plaintiff is also seeking to have his sentence vacated based on Taggart's alleged inappropriate actions. *See* Compl. [Docket Entry 1] at 6. Although the Magistrate Judge did not address this issue in her Report, the court finds that Plaintiff cannot attack the validity of his sentence in this § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Accordingly, inasmuch as Plaintiff may be seeking such relief from his sentence, he may not properly do so in this suit.

III.	Summary Judgment as to the Remaining Defendants

In the remainder of her Report, the Magistrate Judge analyzed on an individual basis whether summary judgment should be granted as to each of the remaining defendants.[4] Ultimately, she recommended that summary judgment should be granted as to each of the remaining defendants. Additionally, the Magistrate Judge found that Defendants Holmes, Davis, McRee, and Merchant were entitled to qualified immunity, concluding that "their conduct did not violate clearly established statutory or constitutional rights." Report [Docket Entry 118] at 11.

In his objections, Plaintiff specifically objected to the Magistrate Judge's finding regarding qualified immunity. However, absent from his objections are any arguments

---

[4]	The remaining Defendants are Gowans, Davis, Merchant, McRee, and Holmes.

pertaining to the other substantive reasons relied upon by the Magistrate Judge in recommending summary judgment as to each defendant. Assuming, *arguendo*, that Plaintiff is correct that Defendants are not protected by qualified immunity,[5] Plaintiff has still failed to set forth any arguments or evidence sufficient to withstand the court granting summary judgment in favor of Defendants.[6]

IV. <u>Qualified Immunity</u>

As stated above, the Magistrate Judge concluded that Defendants Holmes, Davis, McRee, and Merchant were all entitled to qualified immunity. *See* Report [Docket Entry 118] at 11. Plaintiff specifically objects to this finding. In his objections, Plaintiff first demands a jury trial as to each defendant. Then, Plaintiff goes on to ask the court to review the pertinent South Carolina Department of Corrections ("SCDC") procedures/policies that he alleges Defendants violated, and argues that because Defendants' actions constituted a violation of SCDC procedure, Defendants are not entitled to immunity. The court disagrees.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In our case, the same reasons warranting summary judgment in favor of these four defendants support the finding that none of the four defendants violated any of

---

[5] For reasons the court sets out more fully below, this argument appears to be without merit.

[6] Moreover, inasmuch as Plaintiff addresses the Magistrate Judge's recommendations as to summary judgment, he does so only in conclusory fashion. For example, as to Defendant Gowans, Plaintiff states that "[i]t was defendant Gowans who has violated my rights . . . ." Obj. [Docket Entry 120] at 2. Without more, such a statement alone is insufficient to defeat a motion for summary judgment. *See Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 687 n.7 (4th Cir. 1996) ("It is, of course, black letter law that conclusory or speculative assertions do not create genuine issues of material fact.").

Plaintiff's "clearly established statutory or constitutional rights."[7] Moreover, Plaintiff's argument that Defendants are not entitled to such immunity because their actions did not conform with SCDC policy lacks merit. Fourth Circuit law holds that "a defendant does not lose official status for purposes of qualified immunity analysis simply by failing to adhere to an agency's stated policies." *Leverette v. Bell*, 247 F.3d 160, 165 (4th Cir. 2001). Accordingly, the court agrees with the Magistrate Judge that Defendants Holmes, Davis, McRee, and Merchant are entitled to qualified immunity.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Motion for Preliminary Injunction and Motion for Mental Evaluation are **DENIED**. Defendant Gowans' Motion for Summary Judgment and the Motion for Summary Judgment filed by Defendants Taggart, Holmes, Davis, McRee, and Merchant are **GRANTED**. Therefore, Plaintiff's case is hereby **DISMISSED** *with prejudice*. Accordingly, any other pending motions are terminated.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 10, 2010
Florence, South Carolina

---

[7] For a thorough analysis of why Defendants' alleged actions did not violate any of Plaintiff's clearly established constitutional rights, see the Magistrate Judge's Report, pages 5 through 11, which this Order adopts and incorporates by reference.